## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | Criminal Action No. 3:19-cr-302-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Kenyada Jaqu, | ) | |
| Defendant | ) | |
| | ) | |

Currently before the court is Defendant Kenyada Jaqu's ("Defendant") Motion to Proceed *Pro Se*.[1] (ECF No. 249.) The court held an *ex parte* hearing on this matter on March, 22, 2021. (ECF No. 254.) For the following reasons, the court **DENIES** Defendant's Motion to Proceed *Pro Se*. (ECF No. 249.) However, the court shall appoint new defense counsel. The court **REFERS** this matter to the Magistrate Judge to appoint new defense counsel for sentencing and any other matters before the court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted for (1) possessing 100 grams or more of heroin and a quantity of methamphetamine with the intent to distribute it; (2) possessing a firearm in furtherance of drug trafficking offenses; (3) being a felon in possession of a firearm; and (4) conspiring to possess 1 kilogram or more of heroin and a quantity of methamphetamine with the intent to distribute it. (ECF No. 52 at 1-3.) At trial, a jury found him guilty on all four counts. (ECF No. 235.) He is currently awaiting sentencing.

In March 2021, Defendant filed the instant Motion. (ECF No. 249.) During a hearing on this matter, Defendant requested to proceed *pro se*. (*See* ECF No. 254.) The court spent a considerable amount of time explaining the benefits of defense counsel and risks of proceeding

---

[1] The Motion is styled as a Motion to Determine the Status of Counsel. (ECF No. 249.)

*pro se* at sentencing, as well as the skills, knowledge, and experience a lawyer offers to a case. Despite this explanation and additional questions posed by the court, Defendant persistently maintained his desire to represent himself.

## II. LEGAL STANDARD

The right for a defendant to represent himself has long been acknowledged in the federal courts. *Faretta v. California*, 422 U.S. 806, 813 (1975). However, before a defendant is permitted to assert this right, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* at 835 (internal quotation marks and citation omitted). The United States Court of Appeals for the Fourth Circuit has stated that the applicable standard for self-representation is that the defendant's assertion of the right must be "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." *United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005). The defendant's educational background, understanding of the legal process, and appreciation of the pending charges and possible sentences are principal considerations in making this determination. *United States v. Singleton*, 107 F.3d 1091, 1098 (4th Cir. 1997).

A request to proceed *pro se* may be untimely when brought after the commencement of trial. *United States v. Roof*, 225 F. Supp. 3d 394, 405 (D.S.C. 2016); *see United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979) ("[T]he right of self-representation [must] be asserted at some time 'before meaningful trial proceedings have commenced,' and . . . thereafter its exercise rests within the sound discretion of the trial court."); *see also United States v. Singleton*, 107 F.3d 1091, 1099 (4th Cir. 1997) (finding no abuse of discretion when the district court denied a request to proceed *pro se* that came "not only at mid-trial but at mid-testimony" of a Government witness); *cf. Faretta*, 422 U.S. at 835 (*pro se* request brought "weeks before trial" was timely).

2

Other Circuits have offered similar standards for what constitutes a timely request to proceed *pro se*. *United States v. Simpson*, 845 F.3d 1039, 1053 (10th Cir. 2017) (noting a motion for self-representation is untimely if brought after a jury is empaneled); *Wood v. Quarterman*, 491 F.3d 196, 202 (5th Cir. 2007) ("[The defendant] did not move to proceed *pro se* until after the jury had already returned a guilty verdict against him, immediately before the sentencing phase of his trial, and the trial court therefore had the discretion to deny the motion."); *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007) (explaining the denial of a request to proceed *pro se* as untimely was not unreasonable because the request came "[a]s voir dire was concluding, just before the jury was [e]mpaneled"); *United States v. Edelmann*, 458 F.3d 791, 809 (8th Cir. 2006) (no abuse of discretion when the district court denied a *pro se* request five days before trial); *United States v. Young*, 287 F.3d 1352, 1354 (11th Cir. 2002) ("[A] defendant's request to proceed *pro se* is untimely if not made before the jury is empaneled."); *United States v. Noah*, 130 F.3d 490, 498 (1st Cir. 1997) (affirming the denial of a request to proceed *pro se* because the request did not come "in advance of trial").

Moreover, it is within the trial court's discretion to prohibit self-representation where "a defendant . . . deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46 (citing *Illinois v. Allen*, 397 U.S. 337 (1970)). The right to self-representation should not be utilized as a "tactic for delay", "disruption", "distortion of the system", "or for manipulation of the trial process." *Frazier-El*, 204 F.3d at 560. Where a defendant's assertion of his right to self-representation appears to be motivated by a desire "to present certain arguments" as opposed to a "sincere desire to dispense with the benefits of counsel," the court may choose to deny the defendant's request for self-representation. *Id.* at 560.

### III. DISCUSSION

Here, the court denies Defendant's Motion to Proceed *Pro Se* as untimely. (ECF No. 249.) The jury was empaneled on October 1, 2020. (ECF No. 217.) Trial began on October 19, 2020, and concluded two days later, with the jury finding Defendant guilty on all counts on October 21, 2020. (*See* ECF Nos. 227-229, 235.) Defense counsel filed objections to the presentence report on February 28, 2021. (*See* ECF No. 256-2 at 1.) Despite this, Defendant waited until March 11, 2021—over five months after the jury was empaneled, over 4.5 months after the verdict was rendered, and after defense counsel filed objections to the presentence report—to request to proceed *pro se* for the first time. (*See* ECF No. 249.) The court therefore finds Defendant's request is thoroughly untimely. However, the court will grant Defendant's request to remove his current defense counsel, and shall appoint new counsel for Defendant's sentencing. Moreover, the court notes that any concerns Defendant may have about being unable to make himself heard should be alleviated because he will have the opportunity to speak for himself at the sentencing hearing.

### IV. CONCLUSION

For the reasons above, the court **DENIES** Defendant's Motion to Proceed *Pro Se*. (ECF No. 249.) The court **REFERS** this matter to the Magistrate Judge to appoint new defense counsel.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

April 6, 2021
Columbia, South Carolina